UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60227-CR-WILLIAMS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRETT NADEL,

        Defendant.
_____/

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELIEF

The United States submits its opposition to defendant Nadel's Motion for Early Termination of Supervised Relief (DE 826), and states as follows:

Statement of the Case

On October 26, 2016, defendant Nadel pled guilty to Count 3 of an Information pursuant to a written plea agreement and Factual Proffer (DE 175, 176, 177). Count 3 charged Nadel with conspiracy to commit mail and wire fraud, in violation of Title 18, U.S.C., Section 371 (DE 176, ¶ 3).

On May 1, 2017, the Court sentenced Nadel to thirty-six months' imprisonment, followed by three years' supervised release (DE 571).

On May 18, 2017, a second amended judgment was entered on the docket (DE 664). The amended judgment did not alter the terms of confinement or supervised release, but set joint and several restitution in the amount of $923,120.89 (*id.*).

On August 14, 2018, Nadel filed a Motion for Relief Under 28 U.S.C. § 2201 (DE 751). Defendant Nadel's Motion for Relief under 28 U.S.C. § 2201 argued that, although he pled guilty, he was in fact innocent, because there was no proof he caused "injury in fact" to the United States government, as opposed to "private insurance companies" (DE 751, p. 1-2). He claimed that the criminal judgment was not valid under Article III of the Constitution as there was no "injury in fact" to the United States government. The motion had been preceded by a pleading filed by the defendant entitled, "Question to the Court" (DE 748), wherein Nadel asked about the "oath and affirmation" clause of Article IV of the Constitution and the "standing" and "case or controversy" provisions of Article III of the Constitution.

The defendant's motion was referred to Magistrate Judge White who recharacterized the defendant's motion as a motion under 28 U.S.C. § 2255. The defendant was advised of the court's intention to recharacterize his motion. He was given the option of agreeing to the recharacterization and lose the ability to file a future successive motion, or amend the motion and file an all-inclusive § 2255 motion to vacate. The defendant chose neither. Instead, he challenged the authority of Magistrate Judge White and filed a Notice Requesting Article III Judge (DE 758). Judge White denied the defendant's motion (DE 8, Case No. 18-61979-Civ-Williams).

The defendant continued to challenge his criminal conviction. The defendant filed a Judicial Notice of Facts (DE 11, Case No. 18-61979-Civ-Williams) wherein he included a pleading from the Middle District of Alabama stating that the District Courts were not lawfully established and, therefore, do not have the authority to sentence a defendant. Defendant Nadel filed frivolous pleadings proclaiming his innocence and questioning the Court's authority to sentence him. In his Emergency Motion for Relief filed on September 27, 2019, the defendant requested relief from his

'illegal judgement and conviction," and he still questioned the Court's judicial powers (DE 29, Case No. 18-61979-Civ-Williams).

The defendant was released from incarceration on May 13, 2019 and began his three-year term of supervised release. The defendant has now served just over one-half of the period of supervised release imposed by the Court and requests that his period of supervised release be terminated.

## ARGUMENT

18 U.S.C.§ 3583(e)(1) governs the requests for early termination and other modifications of supervised release. Section 3583(e)(1) states that the Court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

First, the government opposes the request for early termination as the defendant still owes a substantial amount of the $923,120.89 of restitution that was imposed. The defendant argues that terminating his supervised release will make it easier for him to pay the restitution owed. However, it will make it much more difficult to enforce the payment of restitution if the defendant's supervised release is terminated. Thus, by remaining on supervised release it helps ensure that the victims will continue to get reimbursed. See e.g. *United States v. Oak,* 398 F. App'x 274, 275 (9th Cir.2010) (affirming the district court's denial of early termination of supervised release motion based upon "the finding that [the defendant] still owes more than $200,000 in restitution")

Second, the defendant's numerous pleadings professing claims of innocence and denials of guilt with respect to the charge to which he pled guilty in this case, are not consistent with conduct that would warrant early release.

Further, the defendant argues that his request for early termination of supervised release should be granted because, in essence, he has complied with the terms of supervised release. Compliance with the terms of supervised release and with the law alone are not enough to warrant early termination. In *United States v. Herrera*, 1998 WL 684471 (S.D .N.Y. Sept. 30, 1998), the defendant argued that he should be permitted to terminate his probation early on the grounds that he had completed his community service, paid the required fines, and successfully completed all other conditions imposed on him. In denying his motion for early termination, the Court found that the fact that the defendant had "complied with the terms of his probation [was] commendable, but that ultimately is what is expected of him." See also *United States v. Reisner*, 2008 WL 3896010 (ND FL August 20, 2008)(Request for early termination denied even though the defendant had successfully completed all the terms of her supervision, including participation in therapy sessions and attending Alcoholics Anonymous meetings); and *United States v. Weintraub,* 371 F.Supp.2d 164, 167 (D.Conn.2005) (noting that "[a]lthough [the defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required to all criminal defendants and is not a basis for early termination of his supervised release").

## Conclusion

For the foregoing reasons the defendant's request for early termination of his period of supervised release should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:     s /Jeffrey N. Kaplan
Jeffrey N. Kaplan
Assistant United States Attorney
Court ID No. 5500030
500 E Broward Boulevard
7th Floor
Fort Lauderdale, Florida 33394
Tel: (954) 660-5695
Email: jeffrey.kaplan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2020, the undersigned certifies that the foregoing document is being served today by the Court's electronic filing system and by mail to the defendant's address listed on the Court's electronic filing system.

s /Jeffrey N. Kaplan
Jeffrey N. Kaplan
Assistant United States Attorney